(82 South. 26)

## BYARS v. SMITH. (6 Div. 905.)

(Supreme Court of Alabama. May 22, 1919.)

WILLS ⬤⟹50 — TESTAMENTARY CAPACITY — KNOWLEDGE AND UNDERSTANDING.

Where in the execution of his will testator knew and understood the business in which he was engaged, he suffered from no lack of testamentary capacity.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Contest of the will of her deceased ex-husband by Margie L. Byars, guardian, etc., against Nannie Smith, executrix, etc. From decree sustaining the will, contestant appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant. Estes & Jones, of Bessemer, for appellee.

SAYRE, J. Appellant contested the will of her deceased ex-husband. The decree in the circuit court sustained the will. This appeal raises only a question of fact, and a brief statement will serve every necessary purpose. The averment is that testator was mentally incapable of executing a will. Testator labored, no doubt, under the disturbing influence of domestic trouble and declining health, and these things produced occasional aberrations of thought, language and conduct; but upon the whole evidence we are not at all satisfied that the will in contest was affected by mental unsoundness. On the contrary, the weight of the evidence goes to show that in the execution of his will testator knew and understood the business in which he was engaged, and hence suffered

from no lack of testamentary capacity. West v. Arrington, 200 Ala. 420, 76 South. 352.

There was no evidence whatever in support of the averment of undue influence.

This cause will remain at all times open for further orders and decrees of the circuit court with reference to the administration of the estate of deceased. In such orders and decrees the interests of the minor devisees will be properly considered and conserved.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.